# EXHIBIT 3

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This agreement ("Agreement") confirms the following terms between Endeavor Business Media, LLC ("Endeavor") and Brigitte Stelzer ("Stelzer") concerning the resolution of all disputes and claims that may exist between them. Endeavor and Stelzer may be referred to individually as "Party," and collectively as "Parties" in this Agreement.

## BACKGROUND

On November 29, 2018, Stelzer filed a lawsuit against Endeavor in the United States District Court for the Western District of Wisconsin, Case No. 3:18-cv-00979 (the "Complaint"). In the Complaint, Stelzer alleges as follows: Stelzer photographed Marianne Monahan, one of the first female New York City firefighters, and her son Matthew Fiorito who was in the process of becoming a New York City firefighter (the "Photo," attached to the Complaint as Exhibit A); Stelzer owns all right, title and interest in, and all claims related to the Photo; the Photo was allegedly improperly used when it was included in an article first published on April 15, 2018 on a website with the URL *https://www.firehouse.com/careers-education/news/21000947/fdny-rookie-following-in-firefighter-mothers-footsteps* (the "Article," attached to the Complaint as Exhibit D.) Endeavor denies any wrongdoing in connection with the use of the Photo that occurred prior to Endeavor purchasing Firehouse.com on June 22, 2018. To avoid the uncertainties of litigation, the Parties have agreed to settle and compromise all disputes and differences between them related to the Photo, upon the terms set forth below.

## AGREEMENT

In consideration of the covenants and promises contained herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. Definitions.  For purposes of this Agreement, the Parties apply the following terms and definitions:

   a. The "Work" means the photograph that was attached to Stelzer's Complaint as Exhibit A.  The Work is titled "4.15.18_Marianne and Matthew_Stelzer.jpg." and is one of the photographs in a series that Stelzer federally registered assigned Copyright Reg. Nos. VA 2-114-290 (registration date of July 24, 2018) and displayed in Exhibit A to this agreement;

   b. "Civil Action" means the action entitled *Brigitte Stelzer v. Endeavor Media, LLC* filed in the United States District Court for the Western District of Wisconsin under case no. 3:18-cv-00979, in which Stelzer alleged the unauthorized use of the Work by Endeavor in the Article and sought to recover actual damages, exemplary damages, statutory damages, injunctive remedies, attorney's fees and costs; and,

c. "Claims" means and includes any and all claims, actions, lawsuits, injuries, damages, obligations, demands, actual legal fees and expenses, losses, costs, loss of services, expenses, attachments, garnishments, liens and compensation of any nature whatsoever, whether direct or derivative, under federal and/or state statutory, and/or common law that Stelzer ever had, now has or may hereafter claim to have had as of or prior to the Effective Date, arising out of, or otherwise relating to the use of the Work or the matters alleged in, or that could have been alleged in the Civil Action related to the Work.

2. Dismissal of Civil Action. Within seven (7) calendar days following the execution of this Agreement by all Parties (the Effective Date), Stelzer will file a motion pursuant to Fed. R. Civ. P. Rule 41(a)(2) to dismiss the Civil Action with prejudice.

3. Payment. In consideration of the release and other consideration granted herein, Endeavor will pay to Stelzer the sum of $750.00 by April 28, 2020. Payment shall be made payable to "Liebowitz Law Firm, PLLC as counsel for Brigitte Stelzer" and delivered to counsel of record, Richard Leibowitz of the Leibowitz Law Firm, PLLC at 11 Sunrise Plaza, Suite 305 Valley Stream, NY 11580-6111.

4. Warranties and Representations. Stelzer warrants and represents that she is the sole owner of all copyrights in the Work and possesses absolute, unfettered control over the exploitation and dissemination of the Work and that no other party has the right to make any claims against Endeavor for any use of the Work. Stelzer will indemnify and hold harmless Endeavor for any breach of these representations and warranties.

5. Entire Agreement and Merger. This Agreement sets forth the entire agreement and understanding of the Parties hereto and supersedes all prior communications, oral or written, and all prior negotiations with respect thereto. The Parties acknowledge and expressly represent and warrant that they have relied solely upon their own judgment, together with advice of counsel, when deciding whether to enter into this Agreement. Each of the Parties further agrees, acknowledges and expressly warrants that no information, statement, promise, representation, warranty, condition, inducement, or agreement of any kind, whether oral or written, made by or on behalf of any other of the Parties shall be, or has been, relied upon by it unless specifically contained and incorporated herein.

6. Modification. This Agreement may not be amended, altered or modified except in a writing signed by each of the parties hereto.

7. Governing Law. The parties agree that this Agreement is a contract made in, enforceable in, and to be performed in the State of Wisconsin, and all matters relating in any way to its execution or enforcement shall be governed by the laws of the State of Wisconsin.

8. No Admission of Liability. This Agreement is not intended to be, nor construed as, an admission by any of the Parties of the merits of the claims or defenses of any of the

Parties in the Lawsuit.

9. <u>Binding Nature</u>.  The terms of this Agreement shall be binding on the successors and assigns of each of the Parties.

10. <u>No Waiver</u>.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

<u>Release of Endeavor</u>.  In consideration for the promises herein, Stelzer, on behalf of herself, and her affiliates, employees, agents, representatives, attorneys, predecessors, and successors in interest, hereby fully and forever releases Endeavor and its direct and indirect parent entities, subsidiaries, affiliates, owners, directors, members, employees, agents, representatives, attorneys, predecessors, and successors in interest from and against any Claims in connection with the use of the Work (*i.e.* the publication of the Work on the Firehouse website(s)) or at issue in the Civil Action generally, including for damages of any type and/or for the recovery of attorneys' fees and costs in connection with the Civil Action, including without limitation any attorneys' fees or costs to which they may be entitled under 17 U.S.C. § 505, Rule 54 of the Federal Rules of Civil Procedure, Rule 68 of the Federal Rules of Civil Procedure, or any other applicable statute, rule, or law.

11. <u>Release of Stelzer</u>.  In consideration for the promises herein, Endeavor, on behalf of itself and its subsidiaries, employees, agents, representatives, attorneys, predecessors, and successors in interest, hereby fully and forever release Stelzer and her subsidiaries, affiliates, employees, agents, representatives, attorneys, predecessors, and successors in interest from and against any Claims arising from Stelzer's filing, maintenance or prosecution of the Civil Action, including without limitation any claim for malicious prosecution or attorneys' fees or costs to which Endeavor may be entitled under 17 U.S.C. § 505, Rule 54 of the Federal Rules of Civil Procedure, Rule 68 of the Federal Rules of Civil Procedure, or any other applicable statute, rule, or law. Endeavor represents and warrants that it has not assigned, sold, or otherwise transferred any such claim, potential claim, or cause of action.

12. Construction of Agreement.  The Parties acknowledge that each has been represented by counsel of its/her choosing in connection with this Agreement, that it/she has been afforded the opportunity to discuss this Agreement with counsel, and that no Party shall attempt to invoke any rule of construction to the effect that ambiguities in this Agreement are to be resolved against the drafting party. Each Party further acknowledges that it/she has read and understands each of the provisions set forth in this Agreement, and has agreed to and signed this Agreement freely, voluntarily, and without any coercion, duress, or undue influence of any nature by or on behalf of any person or entity. Each Party further acknowledges and agrees that it/she fully assumes the risk of any mistake of fact or law; accordingly, if any Party subsequently discovers that its understanding of any pertinent fact or law was or is in any manner incorrect or mistaken, then that Party shall not be entitled to any relief in connection with that mistake, including, without limitation,

any right to terminate, revoke, set aside, or rescind this document. Each Party acknowledges and agrees that this document is intended to be, and is, final and binding according to its terms regardless of any claim of a mistake of fact or law.

13. Authority. Each signatory hereto represents that he or she is fully authorized to sign this Agreement, on behalf of one of the Parties, by affixing his or her signature below.

14. Severability. If any provision or term of this Agreement is held to be illegal, invalid, or unenforceable, such provision or term shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term, there shall be added automatically as a part of this Agreement another provision or term as similar to the illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable. Notwithstanding the foregoing, the Parties mutually agree that they will not challenge the enforceability of any provision of this Agreement.

15. Costs and Attorney's Fees. Each of the Parties will bear their respective costs and attorneys' fees in connection with the Lawsuit.

16. Counterparts. This Agreement may be executed in any number of facsimile counterparts, and all counterparts will be deemed to constitute a single agreement. The execution and delivery of one counterpart by any party has the same force and affect as if that Party had signed all other counterparts. The signatures to this Agreement may be executed on separate pages and when attached to this Agreement constitute one complete document. The executed counterparts may be delivered by PDF copies sent via email or facsimile and each shall be considered an original. Delivery shall be complete upon receipt of the copies sent via email.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by their duly authorized representatives as of the date below.

**ENDEAVOR BUSINESS MEDIA, LLC**     **BRIGITTE STELZER**

By: _[signature]_                    _____

Its: _Chief Administrative and Legal Officer_    Dated: April___, 2020
Member/Title

Dated: April _8_, 2020

4