IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIGITTE STELZER,

                              Plaintiff,                          OPINION and ORDER

   v.

                                                                            18-cv-979-jdp

ENDEAVOR BUSINESS MEDIA, LLC,

                              Defendant.

---

       This is a copyright case that the parties agreed to settle for $750. Plaintiff, photographer Brigitte Stelzer, wants to back out of the settlement. Defendant, Endeavor Business Media, LLC, moves to enforce the settlement agreement and have her attorney, Richard Liebowitz, pay Endeavor's expenses in bringing the motion. Dkt. 16. The court agrees with Endeavor that the parties reached an enforceable settlement. But both sides share responsibility for this case going off the rails, so each side will bear its own expenses.

BACKGROUND

       The facts are undisputed.

       Stelzer took a nice photograph of a mother and son who were both New York City firefighters. She licensed the photograph to the New York Post which published it with a story on April 15, 2018. The date matters, as we'll see, because Stelzer registered her copyright only later, which affects whether she would be entitled to statutory damages and attorney fees.

       Endeavor is a publishing company that owns a number of special-interest publications and websites, one of which is Firehouse.com. Firehouse.com picked up the story and republished Stelzer's photograph without permission on April 16, 2018. Endeavor says that

the infringement occurred before it acquired Firehouse.com, but that doesn't matter. Firehouse.com committed a clear-cut infringement, for which Endeavor is now responsible. Stelzer filed this infringement suit on November 29, 2019.

When the suit was filed, the records of the Copyright Office showed that Stelzer had registered her copyright on July 24, 2018, more than three months after the first publication of the photograph. Dkt. 1-3. The consequence of this timing was that Stelzer could sue to enforce her copyright, but she would not be entitled to recover attorney fees or statutory damages. 17 U.S.C. § 412.

Endeavor wisely attempted to negotiate a prompt settlement, and its counsel, John Fitzpatrick, proposed to settle the suit for a payment of $750. On December 3, 2019, Liebowitz accepted with an email that said "Yes, deal at $750." Dkt. 16-3. Liebowitz asked Fitzpatrick to draft a settlement agreement, and Fitzpatrick sent a draft agreement on December 13. Despite prompting from Fitzpatrick, Liebowitz didn't respond substantively for a month, until he sent back a revised draft on January 14, 2020. Then Endeavor dawdled for three months, until Endeavor accepted the proposed changes and Fitzpatrick sent back a signed agreement on April 13, 2020.

By then Stelzer wanted to back out. For reasons that neither side explains, the Copyright Office had amended the registration date to June 28, 2018, bringing the registration within the three-month window that would allow Stelzer to seek attorney fees and statutory damages. Liebowitz told Fitzpatrick that Stelzer declined to sign the agreement and he made a $5,000 settlement demand.

The court has jurisdiction under 28 U.S.C. § 1338 because the case arises under the Copyright Act.

ANALYSIS

A.  **Endeavor's motion to enforce the settlement agreement**

A district court has the inherent or equitable power to enforce an agreement to settle a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 665 (7th Cir. 1995). Settlement agreements are contracts enforceable as provided under state law. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Neither side makes an argument about choice of law, but they both cite Wisconsin law, so the court will apply the law of Wisconsin.

There is no dispute that Endeavor made an offer, Stelzer accepted it, and the parties exchanged promises as consideration. Wisconsin requires agreements to settle litigation be in writing, Wis. Stat. § 807.05, but that does not require formal execution of a settlement agreement. *Kocinski v. Home Ins. Co.*, 154 Wis. 2d 56, 64, 452 N.W.2d 360, 364 (1990). The exchange of emails here reliably establishes the parties' meeting of the minds on the material terms of the settlement agreement. Neither side identified any term that needed to be negotiated for the formal settlement agreement. The settlement agreement is a generic one, and the drafts exchanged reflect no substantial disagreement on any significant term.

Even now, Stelzer does not deny that the parties reached agreement on December 3, 2019. Instead, Stelzer makes two other arguments against enforcement of the agreement.

  1.  **Endeavor's alleged breach**

Stelzer contends that Endeavor committed a material breach of the agreement by failing to pay by the time specified in the draft agreement that Liebowitz sent to Endeavor on January 13, 2020. That draft specified that Endeavor was to make the payment by January 24, 2020. Dkt. 17-2, ¶ 3. The court is not persuaded for two reasons.

First, the parties reached agreement by email on December 3, 2019. That agreement

3

did not specify any time for payment, so Endeavor did not breach the agreement.

Second, even if Endeavor had breached the agreement by failing to pay by the deadline, only a breach so substantial as to destroy the essential objects of the contract would nullify the agreement. *See Seidling v. Unichem, Inc.*, 52 Wis.2d 552, 554, 191 N.W.2d 205, 207 (1971). Under Wisconsin law, time is generally not of the essence unless the contract says it is, or unless the conduct of the parties suggests that it is. *Hasbro, Inc. v. Catalyst USA Inc.*, 367 F.3d 689, 692 (7th Cir. 2004). Nothing in draft settlement agreement states that time is of the essence with respect to any obligation, including payment. Nothing in Stelzer's or Liebowitz's conduct suggests that the timing of the payment was essential: at no point during Endeavor's three-month delay did Liebowitz reach out to Endeavor to inquire about the status of the agreement.

Endeavor's failure to pay by January 24, 2020, does not render the parties' original agreement unenforceable.

### 2. Alleged mutual mistake

Stelzer's second argument is that the agreement is unenforceable on the grounds of mutual mistake. The alleged mistake is that, on December 3, 2019, the parties thought that the timing of Stelzer's copyright registration precluded her recovery of statutory damages and attorney fees. But at some point the Copyright Office amended the registration date. Under the amended registration date, June 28, 2018, Stelzer was not barred from recovering statutory damages and attorney fees. The potential for statutory damages and attorney fees dramatically increases the value of a small copyright case like this one.

A mutual mistake of fact can void a contract. *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶ 57, 339 Wis. 2d 291, 314, 811, N.W.2d 351, 362. But such a mutual

4

mistake must concern a past or present fact that is material to the agreement. *Gielow v. Napiorkowski*, 2003 WI App. 249, 268 Wis. 2d 673, 673 N.W.2d 351, 358 (Wis. Ct. App. 2003). A mistaken expectation about future events is not a mutual mistake that would void a contract. *In re Fillion*, 181 F.3d 859, 864 (7th Cir. 1999) (applying Wisconsin law).

There is no question that the registration date was a fact material to the parties' agreement: it significantly affected the settlement value of the case. But there was no mutual mistake. Both sides knew that the registration date was in controversy and that Stelzer was seeking to amend it. Neither side explains how or why the date was amended by the Copyright Office. But before the settlement, the parties had discussed that possibility, as shown by a letter of August 6, 2019. Dkt. 16-2, ¶ 4. As of December 3, 2019, neither side knew what the Copyright Office would do, but they were not under any mutual mistake.

The court will enforce the December 3, 2019 settlement agreement.

**B.   Endeavor's request for sanctions**

Endeavor asks the court to impose sanctions against Liebowitz under 28 U.S.C. § 1927. That section authorizes the court to sanction any attorney who unreasonably and vexatiously multiplies the proceedings in a case. Endeavor contends that Liebowitz's attempt to back out of the settlement warrants a § 1927 sanction, and it asks the court to shift the cost of enforcing the settlement to Liebowitz.

Liebowitz is a notorious copyright litigator who has been sanctioned many times. The Southern District of Illinois recently sanctioned him for backing out of a settlement agreement, precisely the conduct at issue in this case. *Ward v. Consequence Holdings, Inc.*, No. 3:18-CV-1734-NJR, 2020 WL 2219070 (S.D. Ill. May 7, 2020). Endeavor submitted the court's opinion in that case as a purported notice of supplemental authority, Dkt. 21, which Liebowitz

5

asks the court to strike, Dkt. 22. The court will deny the motion to strike; whether Liebowitz has been sanctioned for similar misconduct is a fair consideration. Liebowitz was also sanctioned by Southern District of New York, which required Liebowitz to provide notice of that sanction to every court in which he had a pending case. Dkt. 24. That court's sanction order includes a list of 40 additional sanction orders against Liebowitz. And in this case, Magistrate Judge Crocker found that plaintiff—really Liebowitz—had not complied with plaintiff's discovery obligations, so Judge Crocker shifted fees and warned against future non-compliance. Dkt. 11.

Nevertheless, the court declines to impose sanctions. Both sides bear responsibility for the unprofessional conduct of this case. Endeavor failed to inform the court that plaintiff had actually provided discovery responses before the hearing on the motion to compel, resulting in the withdrawal of the order on that motion. Dkt. 13. And Liebowitz's attempt to back out of the settlement agreement was prompted, in part, by Endeavor's three-month lack of diligence in responding to Liebowitz's revisions to the settlement agreement. Endeavor hectored Liebowitz about his one-month delay; Endeavor's three-month delay in responding to a few modest changes is inexcusable. Judge Crocker put it aptly: "The most charitable interpretation of what's going on in this lawsuit is that neither side is doing its job." Dkt. 13. There is blame enough for both sides; it's fair that they bear their own expenses.

One last word of warning to Liebowitz. Liebowitz is admitted to practice in this court, and he has other cases pending. This court's Local Rule 1.E. provides for automatic reciprocal discipline:

> E. Reciprocal Discipline
>
> 1. When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, the same discipline

6

       is automatically effective in this court without further action by the court.

       2. The attorney may apply to the chief judge for modification or vacation of the discipline in this court.

The judge in the Southern District of New York has referred Liebowitz for potential discipline. Accordingly, the court will order Liebowitz to inform the court within 10 days if his practice privileges are restricted, suspended, or revoked by any other jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff Brigitte Stelzer's motion to strike defendant Endeavor Business Media, LLC's notice of supplemental authority is DENIED.

2. Endeavor's motion to enforce the original settlement agreement in the amount of $750 is GRANTED, and the case is DISMISSED with prejudice.

3. Endeavor's request for attorney fees and costs incurred as a result of this litigation is DENIED.

4. Liebowitz must inform the court within 10 days if his practice privileges are restricted, suspended, or revoked by any other jurisdiction.

Entered August 31, 2020.

       BY THE COURT:

       /s/

       _____
       JAMES D. PETERSON
       Chief District Judge